## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAW OFFICES OF ALAN J. MARTIN, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BISSELL, INC., BISSELL HOMECARE, )<br>INC. )<br>)<br>Defendants. ) | Case No. 1:18-cv-0459<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Law Offices of Alan J. Martin LLC, by and through its undersigned attorney, and for its Complaint against Defendants, BISSELL Inc. and BISSELL HOMECARE, Inc. (collectively "BISSELL"), alleges as follows:

## PARTIES

1. Plaintiff is an Illinois limited liability company engaged in the practice of law, with its principal place of business at 120 North LaSalle Street, 20th Floor, Chicago, Illinois.

2. On information and belief, both Defendants are incorporated under the laws of Michigan and both of their principal places of business are located in Grand Rapids, Michigan.

## JURISDICTIOIN AND VENUE

3. Plaintiff as an Illinois limited liability company with its principal place of business in Chicago, Illinois, is a citizen of Illinois.

4. Defendants as corporations incorporated under the laws of Michigan and with their principal places of business in Grand Rapids, Michigan, are citizens of Michigan. On information and belief, at all relevant times, both Defendants were licensed to do business in Illinois and were engaged in conducting business in Illinois. Defendant BISSELL HOMECARE,

1

Inc. previously was a Defendant in another case before this Court brought against it by a competitor, Dyson Inc., in Case No. 10-CV-08126.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

Venue is proper in this district pursuant to 28 U.S.C. §1391(a) (b) and (c) because a substantial part of the events or omissions giving rise to the claims at issue occurred in Chicago, Illinois and because Defendants do business and are subject to jurisdiction in this judicial district.

## FACTS

6. Defendants engaged Plaintiff to provide legal services to Defendants in connection with insurance advice and pursuing various insurance claim matters, including for various underlying suits and losses against and involving them, including *inter alia* matters known as Rug Doctor, a class action known a "Mandy Green," a crime/theft coverage matter, and a high exposure and complex suit brought against BISSELL in this court by Dyson, Inc.

7. Plaintiff's lead attorney previously had provided legal services to BISSELL while at another law firm and, upon his departure, BISSELL wrote, advised, and directed of its decision to retain Plaintiff for BISSELL'S legal services at the time of departure and that all BISSELL files, documents, and electronic records involving said insurance claim matters be transferred to Plaintiff as Plaintiff would be representing BISSELL.

8. BISSELL knew and agreed to Plaintiff's standard rates (which were below the rate at the prior firm), and Plaintiff further offered a 10% discount on services for invoices timely paid (within a standard 30 days).

2

9. Pursuant to the retention agreement, Plaintiff fully, skillfully, and successfully performed legal services for BISSELL, including securing payments and funding commitments of many millions of dollars for BISSELL.

10. Pursuant to a BISSELL January request, Plaintiff submitted its invoice for all legal services provided through the preceding year end.

11. BISSELL confirmed the invoice and the successful outcome, but only expressed a willingness to pay a very limited portion of the total invoice.

12. Years have passed and BISSELL has not paid the invoice or any portion of it.

13. BISSELL has failed to make any payment for the legal services received and, as of the date of this filing, the $201,168.00 invoice remains unpaid and outstanding.

## COUNT I (BREACH OF CONTRACT)

14. Plaintiff realleges and incorporates the allegations in the preceding paragraphs by reference as if fully set forth herein.

15. Plaintiff and BISSELL entered into a valid and enforceable contract for legal services.

16. Plaintiff competently, skillfully, fully, and successfully performed its duties under the agreement in providing legal services to BISSELL.

17. Plaintiff has not been paid for the invoice submitted to BISSELL for the legal services rendered.

18. BISSELL has breached its agreement with Plaintiff by failing to pay the invoice for legal services rendered which, despite request for payment, remains outstanding.

19. As a result of BISSELL'S breach, Plaintiff has sustained damages of not less than $201,168 for the services rendered, plus interest, and other damages as a consequence of the breach.

## COUNT II (QUANTUM MERUIT)

20. Plaintiff realleges and incorporates the allegations in the preceding paragraphs by reference as if fully set forth herein.

21. Plaintiff provided valuable legal services to BISSELL, worth not less than $201,168, exclusive of interest thereon.

22. BISSELL accepted and benefited, greatly, from the legal services provided by Plaintiff.

23. Plaintiff submitted invoice to BISSELL for the legal services rendered to, and received by, BISSELL and expected and sought payment therefor.

24. BISSELL did not and has not paid for the legal services which were rendered and which BISSELL received.

25. As a result, BISSELL has been unjustly enriched by receipt, enjoyment, and benefit of such legal services without payment and for which payment was expected, sought, and requested, the value of such unjust enrichment being equal to the unpaid legal fees plus interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against BISSELL Defendants as follows:

    a.       Money damages in the sum of $201,168.00 against Defendants, jointly and severally, or such other amount as may be proven by Plaintiff in this action, including consequential damages;

    b.       Awarding Plaintiff prejudgment interest;

    c.       Awarding Plaintiff any and all other relief that the Court deems just and proper.

**A JURY TRIAL IS DEMANDED AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,

Law Offices of Alan J. Martin LLC

By: *s/ Alan J. Martin*
       One of Its Attorneys

Alan J. Martin
Law Offices of Alan J. Martin LLC
120 N. LaSalle Street, 20th Floor
Chicago, IL 60602
Tel: (312) 606-8710
Bar # 6190329